STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
LEONARD FARIELLO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 19, 1975—Decided March 12. 1975.

Before Judges CARTON, CRANE and KOLE.

*Mr. Frank R. Krack* argued the cause on behalf of appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. David R. Arrajj,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Richard W. Berg,* Deputy Attorney General, argued the cause on behalf of respondent (*Mr. William F. Hyland,* Attorney General, attorney).

The opinion of the court was delivered by
CRANE, J. A. D. Defendant was convicted of possession of marijuana, possession of marijuana with intent to distribute, maintaining premises which were resorted to by persons for the purpose of unlawful distribution of marijuana and possession of a dangerous knife. He was sentenced to concurrent indeterminate sentences at Yardville.

On this appeal defendant contends that the trial court erred in denying his motion to suppress evidence. The search which led to the discovery of the evidence was authorized by a search warrant which had been issued on the basis of a supporting affidavit of a State Police detective supple-

mented by oral statements made by the detective to the judge. Defendant initially questions whether the oral statement was under oath. We are persuaded that there was sufficient basis for the finding of the trial judge that the oral statement was given under oath. Of more substantial significance is the contention that the contents of the supplementary oral statement should not be considered because no transcript or summary of the oral testimony was filed, as is required by *R.* 3:5–6. There is nothing improper in the judge's conduct in eliciting information in addition to that contained in the affidavit. *State v. Mark,* 46 *N. J.* 262, 274 (1966); *State v. Clemente,* 108 *N. J. Super.* 189, 197 (App. Div. 1969), certif. den. 55 *N. J.* 450 (1970). However, in *State v. Stolzman,* 115 *N. J. Super.* 231 (App. Div. 1971), testimony which was not preserved as required by the rule was held to be inadmissible on a motion to suppress. See also, *State v. Bisaccia,* 131 *N. J. Super.* 270 (App. Div. 1974).

██ While we agree that compliance with the requirements of *R.* 3:5–6 is desirable, we do not agree that a search conducted pursuant to a warrant supported by evidence sufficient to constitute probable cause must be invalidated because the issuing magistrate failed to document fully the evidence upon which the search was authorized.

 It is true that a burden upon the administration of justice is created by the failure of the judge issuing the warrant to file a transcript or a summary. The failure however is not of constitutional dimension. *Cf. United States ex rel. Washington v. Yeager,* 448 *F.* 2d 87 (3 Cir. 1971), *cert.* den. 404 *U. S.* 967, 92 S. Ct. 345, 30 L. Ed. 2d 287 (1971). Neither the Fourth Amendment of the United States Constitution nor the provisions of Article I, paragraph 7 of the New Jersey Constitution impose any such requirement. The obligation of making a record of the supporting factual allegations is entirely created by rule of court. Application of an exclusionary rule may have been necessary as a means of forcing police officials to comply with constitutional guarantees against unreasonable searches. See *Mapp v. Ohio,* 367

*U. S.* 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961); *State v. Bisaccia,* 58 *N. J.* 586 (1971); *State v. Kasabucki,* 52 *N. J.* 110 (1968). The warrant in the present case was issued at about 11 P.M. at the home of the issuing judge. In view of this circumstance and the evidence we have detailed below, we see no necessity to exclude consideration of information supplied to the judge who issued the search warrant merely because that judge failed to comply fully with a court-made rule. See *State v. Clemente, supra,* 108 *N. J. Super.* at 198. The provisions of the rule have sometimes been regarded as directory. *State v. Harris,* 98 *N. J. Super.* 502, 504 (App. Div. 1968), certif. den. 51 *N. J.* 396 (1968). We believe that the conclusion in *Stolzman* injects an atmosphere of rigidity in an area requiring a degree of flexibility. Our conclusion, however, should not be construed as approval or condonation of the failure of the issuing judge to comply with *R.* 3:5–6. The duty of full compliance remains clear.

██ We turn now to an examination of the sufficiency of the facts upon which the warrant was issued. We approach our task with the realization that we must pay substantial deference, as did the trial judge, to the finding of probable cause by the issuing judge. *State v. Perry,* 59 *N. J.* 383, 393 (1971); *State v. Kasabucki, supra,* 52 *N. J.* at 120 (1968). We are not, as defendant suggests, required to weigh the factual accuracy of the assertions of the officer making application for the warrant. *State v. Petillo,* 61 *N. J.* 165, 174 (1972), *cert.* den. 410 *U. S.* 945, 93 S. Ct. 1393, 35 L. Ed. 2d 611 (1973).

The affidavit recited that the officer had reason to believe that drugs were located on the premises; that officers of the New Jersey State Police had occasion to check the contents of an army-type duffle bag found in a vehicle under the control of residents of the property; that the duffle bag contained numerous plastic bags weighing approximately one pound apiece containing a green vegetable substance identified as marijuana. In addition, the detective told the judge issuing the warrant that the vehicle in which the marijuana

had been found had been sold to a neighbor as a junk vehicle for parts and that the neighbor noticed that the trunk had a brand new hasp on it which made him suspicious. The police found some bags containing vegetation residue in the trunk and the neighbor found the duffle bag in the car. The officer also stated that defendant and one of the other residents had records of arrests for narcotic offenses and that neighbors had observed an unusual amount of vehicular traffic to and from the premises at all hours of the day and night.

We have no doubt that the information supplied to the issuing judge, when considered in its totality, was sufficient to generate a well-founded suspicion that a crime was probably being committed at the premises. *State v. Ebron,* 61 *N. J.* 207 (1972); *State v. Waltz,* 61 *N. J.* 83, 87 (1972).

█ █ Defendant next contends that his convictions for possession of marijuana and maintaining premises to which persons resorted for the purpose of distributing marijuana merged with the conviction for possession with intent to distribute. The State contends that since various quantities of marijuana, marijuana residue and hashish were found in several locations, the drugs were possessed for varying purposes. No such distinction was made when the items were offered in evidence. We are persuaded, under the circumstances in which the evidence was admitted at the trial, that the charge of possession was a lesser included offense in the charge of possession with intent to distribute. *State v. Ruiz,* 127 *N. J. Super.* 350 (App. Div. 1974); *State v. Wilkinson,* 126 *N. J. Super.* 553 (App. Div. 1973), certif. den. 63 *N. J.* 562 (1973). *Cf. State v. Williams,* 129 *N. J. Super.* 84 (App. Div. 1974). We are not persuaded, however, that merger has occurred with respect to the offenses of possession with intent to distribute and maintaining premises which were resorted to by persons for the purpose of distribution. Here there are elements of each offense which are separate and distinct. In order to prove the offense of maintaining it was necessary for the State to prove that defendant exercised con-

trol over the premises. No such showing was required to prove the possession with intent to distribute charge. The proof required to sustain the charges is not identical. *State v. Craig,* 48 *N. J. Super.* 276, 279 (App. Div. 1958).

Defendant further contends that his conviction under *N. J. S. A.* 24:21–35(a) should be reversed since the statute does not charge a criminal offense. It was held in *State v. Blackman,* 125 *N. J. Super.* 125 (App. Div. 1973), that the statute by itself does not spell out a crime. However, in *Blackman* the cause was remanded to the trial court with instructions to permit the indictment to be amended by including reference to *N. J. S. A.* 2A:130–2 and 3 before proceeding to trial. *R.* 3:7–4 permits amendments to correct errors of form or the description of the offense provided the amendment does not charge a different offense or prejudice defendant in his defense on the merits. Under the factual situation of this case, reference to *N. J. S. A.* 2A:85–1 is appropriate. *N. J. S. A.* 24:21–35(a) does state that the keeping of premises which are resorted to for the unlawful distribution of controlled dangerous substances shall constitute the keeping of a common nuisance. That was an indictable offense under the common law. *Mayor, etc., Alpine Borough v. Brewster,* 7 *N. J.* 42, 49–50 (1951); *State v. Rodgers,* 91 *N. J. L.* 212, 215 (E. & A. 1917); *State v. Crusius,* 57 *N. J. L.* 279, 282–283 (Sup. Ct. 1894). Common law indictable offenses are denominated misdemeanors by the terms of *N. J. S. A.* 2A:85–1. Thus, the indictment should properly charge that the buildings or premises were maintained as a common nuisance contrary to the provisions of *N. J. S. A.* 24:21–35(a) and *N. J. S. A.* 2A:85–1. We find no prejudice to defendant in adding the words "as a common nuisance" and reference to *N. J. S. A.* 2A:85–1 in the indictment. Defendant's defense on the merits could not be affected nor would the State's proof be required to differ in any respect. Accordingly, pursuant to our authority under *R.* 2:10–5, we direct that the indictment be amended by adding the words "as a

common nuisance" after the word "premises" and the words "and *N. J. S. A.* 2A:85-1" after *"N. J. S. A.* 24:21-35(a)."

Defendant further contends that the trial court failed to give an adequate instruction with regard to the charge of possession of a dangerous knife. We have examined the record and note that ultimately the judge, at defendant's request, charged the jury in accordance with the language of *State v. Edwards,* 120 *N. J. Super.* 46 (Law Div. 1972). We find no error possessing the capacity of bringing about an unjust result. The charge ultimately given was consistent with the holding of *State v. Green,* 62 *N. J.* 547 (1973), which was decided after the trial in this matter.

Defendant's final contention relates to the contents of a gray metal box which was introduced in evidence for the purpose of demonstrating defendant's connection with the premises. Because we were not able to determine precisely what had been included in the exhibit we remanded the matter to the trial court before oral argument. We are satisfied from the findings of the trial judge that no probation report or probation booklet was in the box when it was presented to the jury. The trial judge also found as a fact that defendant had an adequate opportunity to check the contents of the box with his attorney. The box contained many items of a personal nature, including letters, poetry and other writings of an intimate nature. No objection to their admission in evidence was made, however, and we are not persuaded that their submission to the jury had the capacity of bringing about an unjust result.

We find no plain error. *State v. Macon,* 57 *N. J.* 325 (1971) ; *State v. LaPorte,* 62 *N. J.* 312 (1973). Defendant's final contention that the performance of his trial counsel was so inadequate as to deprive him of the effective assistance of counsel is also without merit. While it may have been better trial strategy to object to the admission of the items in question, we cannot say that the absence of such an objection indicates that counsel was inadequate. *State*

*v. Bentley,* 46 *N. J. Super.* 193, 203 (App. Div. 1957). We do not find that the trial was a farce or a mockery of justice. *State v. Edge,* 57 *N. J.* 580, 593 (1971).

The judgment of conviction for possession of marijuana is vacated. In all other respects the judgment is affirmed.